UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 23-MJ-335 |
| | : | |
| TANYA BISHOP, | : | |
| | : | |
| Defendants. | : | |

**CONSENT MOTION TO CONTINUE AND
TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America hereby moves this Court for a 30-day continuance of the status conference presently set for May 30, 2024, and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. from the date this Court enters an Order on this motion through and including the date of the next hearing.

The basis for the requested exclusion of time under the Speedy Trial Act is that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv),

Government counsel has communicated with counsel for the defendant and has received permission to the file this motion unopposed.

**FACTUAL BACKGROUND**

On January 6, 2021, Tanya Bishop participated in the riot at the U.S. Capitol. On December 4, 2023, Tanya Bishop was charged by Complaint with violations of 18 U.S.C. § 111(a)(1) (Assaulting, Resisting, or Impeding Certain Officers); 18 U.S.C. § 231(a)(3) (Civil Disorder); 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds); 18 U.S.C.

§ 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(4) (Act of Physical Violence in Restricted Grounds); 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building or Grounds); and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, and Picketing in a Capitol Building). Bishop was arrested in the Eastern District of North Carolina on December 8, 2023, and were released on conditions on December 11, 2023. Bishop made her first appearance in the District of Columbia on December 14, 2023 at which time the case was set for a status hearing on February 27, 2024. That hearing was continued until March 28, 2024 so the parties could continue plea negotiations and another continuance was granted for plea negotiations until April 30, 2024. Counsel for Bishop requested additional time to review a written plea offer with Bishop and a continuance was granted until May 30, 2024. During the most recent continuance, the government became aware of additional alleged conduct committed by Bishop on January 6, 2021 and made a new plea offer. Counsel for Bishop and her client need additional time to review the additional evidence and new plea offer.

## ARGUMENT

**Continuance of Status Conference**

A continuance of the May 30 status conference is appropriate because the government and the defendant need additional time to discuss a potential pre-trial resolution of the case, and given the volume of discovery related to the events at the Capitol on January 6, 2021, a continuance will provide the government and the defendant with the opportunity to meaningfully review the discovery and determine how best to proceed, including making decisions regarding the filing of pretrial motions.

**Exclusion of Time**

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As relevant to this motion for a continuance, the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends of-justice continuance, including:

> i. Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> ii. Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> …
>
> iv. Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).

Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (citing § 3161(h)(7)(B)(ii), (B)(iv)).

Finally, an interests-of-justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv). The need for a reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019). Furthermore, the Defendant agrees to exclude time under the Speedy Trial Act. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendant in a speedy trial.

## CONCLUSION

WHEREFORE, the Government respectfully requests that this Court grant the motion to continue the status conference presently set for May 30, 2024 to a date on or after June 27, 2024. The Government further requests that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. from the date this Court enters an Order on this motion, through and including the date of the next hearing, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

                Respectfully submitted,

                MATTHEW M. GRAVES
                UNITED STATES ATTORNEY

D.C. Bar Number 481052

By: */s/ Kyle R. Mirabelli*
KYLE R. MIRABELLI
Assistant United States Attorney
N.Y. Bar No. 5663166
601 D Street, N.W.
Washington, DC 20530
(202) 252-7884
Kyle.Mirabelli@usdoj.gov